REQUESTED BY: Senator Vard Johnson Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator:
By letter dated January 20, 1981, you requested an opinion of this office on the constitutionality of proposed legislation concerning real estate practices. Essentially, the legislation would amend Neb.Rev.Stat. § 81-885.24 by adding to numerous real estate broker unfair trade practices two additional practices. The first would be the negligent or intentional misrepresenting that a change has occurred or will or may occur in a neighborhood's composition with respect to religion, race or national origin, age, sex or marital status, or the negligent or intentional misrepresenting that any such change will or may result in reduced property values, increased criminal or antisocial behavior, or a decline in the quality of the schools. The second unfair trade practice would be the failure to identify neighborhoods or residential areas not subject to mandated school busing requirements when supplying information to an individual regarding busing.
The legislative objectives of the practices encompassed by the proposed legislation respectively are to prevent a certain kind of misrepresentation in the real estate sales process and to inquire that certain relevant information be divulged. It seems to us that such objectives can be said to further a public purpose and in that regard the legislation would appear to be a valid exercise of the police power of the state. However, we find constitutional problems with each provision because of vagueness and uncertainty.
It occurs to us that the essence of a misrepresentation is the conveying of false or wrong information. We note that the first provision of the proposed legislation purports to deal with a misrepresentation that a change in neighborhood composition not only has or will occur but may occur. Mindful that a present statement to the effect that a future occurrence may or may not take place cannot be said to amount to a misrepresentation, we find ourselves speculating about the practice to which this provision is to apply. Thus, we cannot ignore the constitutional principle that where legislation would exact obedience to a particular rule or standard, the legislation must not be so vague or indefinite so that the ordinary person exercising common sense would be unable to sufficiently understand it and fulfill its prescriptions. In our view, this first provision carries with it a degree of vagueness and uncertainty which renders it constitutionally infirm.
Similarly, we think the second provision fails to pass constitutional muster for vagueness and uncertainty. When a prospective buyer requests information about busing, the provision in question does not indicate whether the broker's duty to inform must include every block or every area or every neighborhood in a particular community, or only those adjacent to the residential area with regard to which the original question was asked. Moreover, the provision affords no guidance as to when the information obliged to be given can properly be restricted to a block or must include an area as large as a neighborhood. While the basic objective of this provision is discernible from its present language, we feel that it is not nearly certain enough to provide adequate advance notice as to what precise information would be required to be divulged in any particular instance during the real estate sales process.
You specifically asked in your January 20 letter that we review the proposed legislation for any freedom of speech violations. Your concern no doubt stems from recent United States Supreme Court cases holding that commercial speech is to be afforded the same First Amendment protection as traditionally has been afforded personal or private speech.Bates v. State Bar of Arizona, 433 U.S. 350 (1977). While this may be true, it also seems clear that a state may, without violating the First Amendment, deal with the problem of commercial speech that is deceptive or misleading in furtherance of its police power. The First Amendment does not prohibit the state from insuring that the stream of commercial information flows cleanly as well as freely. See,Virginia State Board of Pharmacy v. Virginia Citizens ConsumerCouncil, 425 U.S. 748 (1976). Inasmuch as the legislation you submitted to us for review is concerned with misrepresentations, we find no free speech violation. Additionally, in view of the numerous cases which indicate the state may regulate the time, place and manner of commercial speech, we find no free speech objection with that provision requiring certain information be given in connection with school busing.
We hasten to point out that our conclusions with respect to the free speech analysis are based on the assumption that the proposed legislation is intended to deal only with misrepresentations rather than representations. Had the import of the provisions been to forbid real estate brokers to speak to the matter of the composition of any particular neighborhood at all, we are convinced that substantial free speech questions would have come into play.
Very truly yours, PAUL L. DOUGLAS Attorney General Shanler D. Cronk Assistant Attorney General